UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ZACHARY L. BERMAN,

               Plaintiff,

NEW YORK STATE PUBLIC EMPLOYEE
FEDERATION; SAMUEL D. ROBERTS,
Commissioner, Office of Temporary and Disability
Assistance; and THOMAS P. DINAPOLI,
Comptroller, State of New York,

               Defendants.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**
16-cv-204 (DLI)(RLM)

**DORA L. IRIZARRY, Chief Judge:**

       Zachary L. Berman ("Plaintiff"), an employee of the New York State Office of Temporary and Disability Assistance ("OTDA"), initiated this action against the New York State Public Employee Federation (the "PEF"), Samuel D. Roberts, the Commissioner of the OTDA ("Commissioner Roberts"), and Thomas P. DiNapoli, the Comptroller of the State of New York (the "Comptroller;" together with Commissioner Roberts, the "State Defendants;" and together with PEF and Commissioner Roberts, "Defendants"), asserting that N.Y. C<small>IV</small>. S<small>ERV</small>. L<small>AW</small> § 200 *et seq.* (the "Taylor Law") is unconstitutional on its face, and as applied by Defendants. Before the Court is the State Defendants' motion to dismiss all claims against them (the "Motion"). For the reasons set forth below, the Motion is granted with prejudice.

## BACKGROUND

       On January 14, 2016, Plaintiff brought this case pursuant to 42 U.S.C. § 1983 asserting that section 208(3) of the Taylor Law is unconstitutional as it requires Plaintiff, who is not a union member, to pay "agency fees" to PEF as a condition of continued employment, in violation of his First Amendment rights. (Complaint at ¶¶ 2, 21-25.) Plaintiff argues, alternatively, that he did not receive "'sufficient information to gauge the propriety of the union's fee,' nor adequate notice

of constitutionally-adequate and appropriate procedural safeguards," as required by the First, Fifth and Fourteenth Amendments, and precedent of the United States Supreme Court. (*Id.* at ¶ 2, 26-43 (quoting *Chicago Teachers Union, Local No. 1, AFT, AFL-CIO v. Hudson*, 475 U.S. 292, 306 (1986)).)

Plaintiff, an employee holding a position at the OTDA that falls within a bargaining unit represented exclusively by PEF, alleges that, in December of 2013, he resigned from PEF and "object[ed] to the seizure from his wages of agency fees equal to full union dues, and the expenditure of such fees for any purposes other than his *pro rata* share of PEF's costs of collective bargaining, contract administration, and grievance adjustment." (Compl. at ¶¶ 9, 16.) Plaintiff further alleges that PEF acknowledged his resignation and objection, but "refus[ed] to honor his objection." (*Id.* at ¶ 17.) Instead, PEF explained in response that, "an objection must be sent 'to PEF's Secretary-Treasurer postmarked between February 15 and March 15 prior to the fiscal year to which it applies.'" (*Id.* (quoting Compl. Ex. C).) Plaintiff allegedly sent another letter to PEF in August 2015, again "objecting to the seizure from his wages of agency fees equal to full union dues, and the expenditure of such fees for any purposes other than his *pro rata* share of PEF's costs of collective bargaining, contract administration, and grievance adjustment." (*Id.* at ¶ 19.) Plaintiff contends that, despite these objections, automatic deductions of agency fees equal to full union dues continue to be deducted from his wages. (*Id.* at ¶ 20.)

Through this action Plaintiff seeks: (i) judgment declaring section 208(3) of the Taylor Law unconstitutional on its face and/or as applied; (ii) an injunction enjoining enforcement of section 208(3) of the Taylor Law; (iii) a monetary judgment including, *inter alia*, the amount of dues collected from Plaintiff; and (iv) attorneys' fees and costs. (Compl. at pp. 17-18.)

2

On July 1, 2016, the State Defendants filed the Motion arguing: (i) the Eleventh Amendment bars aspects of Plaintiff's claims; (ii) section 208(3) of the Taylor Law is constitutional; and (iii) because Plaintiff's claim under *Hudson* is limited to the conduct of PEF, it should be dismissed as to the State Defendants. (Motion, Dkt. Entry No. 17; *see* Reply in Further Support of Mot., Dkt. Entry No. 26.) On August 31, 2016, Plaintiff opposed the motion. (Opp. to Mot. ("Opp."), Dkt. Entry No. 25.)

## DISCUSSION

### I. Motion to Dismiss Standard

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled in part on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12, a defendant may move, in lieu of an answer, for "lack of subject matter jurisdiction," FED. R. CIV. P. 12(b)(1), or for "failure to state a claim upon which relief can be granted," FED. R. CIV. P. 12(b)(6). To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action,

3

supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## II. Application

### A. Constitutionality of N.Y. CIV. SERV. LAW § 208(3)

Plaintiff challenges the constitutionality of the law that provides for the State of New York to deduct the amount equal to union dues from the wages of non-union state employees who hold positions in a unit over which a union has been recognized as the exclusive representative. N.Y. CIV. SERV. LAW § 208(3). In order for a union to be eligible to receive funds under this provision, it must have "established and maintained a procedure providing for the refund to any employee demanding the return any part of an agency shop fee deduction which represents the employee's *pro rata* share of expenditures by the organization in aid of activities or causes of a political or ideological nature only incidentally related to terms and conditions of employment." § 208(3)(a). The statute further provides that, "[n]othing herein shall be deemed to require an employee to become a member of such employee organization." *Id.*

The Supreme Court has long recognized that arrangements such as the one set forth in section 208(3) do not offend the First Amendment. In *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209 (1977), for example, the Court held that, although unions "in the public-employment context implicate employees' First Amendment interests in freedom of speech and association, such unions are 'constitutionally justified by the legislative assessment of the important contribution of the union shop to the system of labor relations established by Congress.'" *Scheffer v. Civil Serv. Employees Ass'n, Local 828*, 610 F.3d 782, 787 (2d Cir. 2010) (quoting *Abood*, 431 U.S. at 222). The Court therefore held that, because "the central service a union performs for nonmember

4

employees is to collectively bargain on their behalf[,] . . . states may, consistent with the First Amendment, 'require [an employee] to help finance the union as a collective-bargaining agent,' even if the employee harbors 'political objections to unionism itself.'" *Scheffer*, 610 F.3d at 787 (quoting *Abood*, 431 U.S. at 222) (final alteration in *Scheffer*).  Although the Court since has refined further the scope of permissible union actions as to nonmembers, including imposing procedural requirements for union notices and dues collection, the Court has left undisturbed the central holding in *Abood* that statutes such as section 208(3) do not offend the First Amendment. *See, e.g.*, *Ellis v. Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Exp. & Station Employees*, 466 U.S. 435, 457 (1984) (holding, *inter alia*, that the union's rebate scheme failed to protect adequately "the objecting employees from the misuse of their contributions"); *Hudson*, 475 U.S. at 310 (holding "that the constitutional requirements for the Union's collection of agency fees include an adequate explanation of the basis for the fee, a reasonably prompt opportunity to challenge the amount of the fee before an impartial decisionmaker, and an escrow for the amounts reasonably in dispute while such challenges are pending"); *Knox v. Serv. Employees Int'l Union, Local 1000*, 567 U.S. 298, 132 S. Ct. 2277, 2296 (2012) (holding "when a public-sector union imposes a special assessment or dues increase, the union must provide a fresh *Hudson* notice and may not exact any funds from nonmembers without their affirmative consent").  Moreover, the Second Circuit Court of Appeals has expressly held that section 208(3)'s "structure mirrors arrangements permitted by federal law and upheld by the Supreme Court." *Scheffer*, 610 F.3d 782, 785 n.1 (citing *Abood*, 431 U.S. at 224).

Given that the Supreme Court repeatedly has declined to disturb *Abood*'s central holding, this Court is bound to find that the arrangement provided by section 208(3) does not offend the First Amendment.  Plaintiff's arguments to the contrary amount to an attempt to read the tea leaves

5

in recent Supreme Court decisions, including the one in *Harris v. Quinn*, 134 S. Ct. 2618 (2014), in order to forecast that the Court is likely to overturn *Abood* as it "is highly skeptical of '*Abood*'s questionable foundations.'" (Opp. at 11 (quoting *Harris*, 134 S. Ct. at 2638).) In addition to *Harris*, Plaintiff points to the Court's decision to grant *certiorari* in *Friedrichs v. California Teachers Ass'n*, 135 S. Ct. 2933 (2015), a case that considered a district court's decision deny a constitutional challenge to California's analog to section 208(3), *see Friedrichs v. California Teachers Ass'n*, 2013 WL 9825479, at *1 (C.D. Cal. Dec. 5, 2013), *aff'd*, 2014 WL 10076847 (9th Cir. Nov. 18, 2014).[1] (Opp. at 11-12.) But in arguing that "the Court may well be willing to correct the error it made in *Abood*, and strike down the First-Amendment infringement which is the public-sector agency shop," Plaintiff thereby acknowledges that *Abood* remains good law. (Opp. at 12 ("Berman's instant case is, *inter alia*, an effort to pursue such a challenge.").) Accordingly, Plaintiff's claim stated as "Count I" must be dismissed as to the State Defendants.

Moreover, even though PEF did not move to dismiss this claim, Plaintiff's arguments concerning the unconstitutionality of section 208(3) fails as to PEF as well. Accordingly, Count I is dismissed as to all parties.

**B. Constitutionality of the "Opt-Out" Procedures**

Plaintiff's alternative claim is that he was not given "'sufficient information to gauge the propriety of the union's fee,' nor adequate notice of constitutionally-adequate and appropriate procedural safeguards," required by *Hudson*, 475 U.S. 292 (1986). (Compl. at ¶ 27.) Specifically, Plaintiff alleges that the procedures PEF established through which it was to: (i) provide notice to Plaintiff; and (ii) process his objections, were not constitutionally adequate under *Hudson*. (*Id.*) Plaintiff attempts to tie these allegations to the State Defendants by arguing that it was the

---

[1]   An evenly divided Supreme Court left the district court's decision intact. *Friedrichs v. California Teachers Ass'n*, 136 S. Ct. 1083, *reh'g denied*, 136 S. Ct. 2545 (2016).

6

Comptroller who "continued and has continued automatic deductions of agency fees equal to full union dues from Plaintiff's wages." (*Id.* at ¶ 20; *see Id.* at ¶¶ 2, 27, 28, 30 (stating it was the Comptroller who ultimately "seiz[ed]" Plaintiff's wages in an amount equal to union dues).)[2]

Pursuant to *Hudson*, a union's procedure for collecting fees from non-members must be "carefully tailored" to "(1) minimize constitutional infringement and (2) give a nonmember employee 'a fair opportunity to identify the impact of the governmental action on his interests and to assert a meritorious First Amendment claim.'" *Scheffer*, 610 F.3d at 791 (quoting *Hudson*, 475 U.S. at 303). Plaintiff seizes on language contained in a footnote of *Hudson*, stating that the "government and union have a responsibility to provide procedures that minimize that impingement and that facilitate a nonunion's employee's ability to protect his rights," *Hudson*, 475 U.S. 292, 307 n.20, to argue that *Hudson*'s requirements as to union procedures apply equally to the government (Opp. at 18). Plaintiff also argues that at least one district court has so held. *See Jordan v. City of Bucyrus*, Ohio, 739 F. Supp. 1124, 1127-28 (N.D. Ohio 1990).

However, even if the Court were to accept Plaintiff's interpretation that *Hudson* applies equally to the government, the Complaint here actually does not take issue with any of the government's procedures for collecting union dues. Aside from the handful of instances in which Plaintiff alleges that the Comptroller seized Plaintiff's wages—as the Comptroller is required to under the Taylor Law—the remaining allegations comprising his *Hudson* claim are stated in terms of what *PEF* has failed to do as a result of its deficient procedures. (*See* Compl. at ¶¶ 26-43.) Indeed, although Plaintiff asserts generally that the State Defendants' procedures are deficient, nowhere in the Opposition does Plaintiff explain what specific procedures he is talking about. (*See* Opp. at 17-19.)

---

[2] Plaintiff does not appear to bring this claim against Commissioner Roberts. (*See* Compl. at ¶¶ 26-43.)

7

In this Court's view, the Comptroller's execution of the ministerial task of wage deduction, which is expressly called for in a statute whose constitutionality is not in question, *see* Discussion § II.A, pp. 4-6, *supra*, does not implicate any "procedures" subject to *Hudson*. As a result, Plaintiff has not properly stated a claim against the State Defendants as to "Count II," and this claim also must be dismissed as to them.

## CONCLUSION

For the reasons set forth above, the Motion is granted. Accordingly, (i) this action is dismissed as to the State Defendants; and (ii) Count I, only, is dismissed as to PEF. The Clerk of the Court is directed to terminate the State Defendants as parties on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       March 31, 2017

                                              /s/
                                    DORA L. IRIZARRY
                                       Chief Judge